DAVID R. WEINSTEIN (State Bar No. 082881)
DEBORAH H. EISEN (State Bar No. 110440)
ALEXANDRA P. OLENCZUK (State Bar No. 172937)
WEINSTEIN, EISEN & LEVINE
A Professional Corporation
1925 Century Park East, Suite 1150
Los Angeles, California  90067-2712
Telephone (310) 203-9393
Facsimile (310) 203-8110

Attorneys for Dennis M. Murphy, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re

FIRST LENDERS INDEMNITY
CORPORATION,

　　　　　Debtor.

Bk. No. SA 97-16576-RA
[Chapter 7]

ORDER RE: TRUSTEE'S MOTION
(1) TO EMPLOY AND COMPENSATE
UNIVERSAL ACCOUNTS, INC. AND
TO ENTER INTO CONTRACT FOR
COLLECTION SERVICES; AND (2) FOR
AUTHORITY TO COMPROMISE
CONTROVERSIES WITH
DELINQUENT AUTOMOBILE LOAN
BORROWERS

DATE: February 22, 2000
TIME: 11:30 a.m.
PLACE: Courtroom 6-C
　　　　411 West Fourth Street
　　　　Santa Ana, CA  92701

AT SANTA ANA, IN THIS DISTRICT, ON _____, 2000.

The *Trustee's Motion (1) to Employ and Compensate Universal Accounts, Inc. and to Enter into Contract for Collection Services; and (2) for Authority to Compromise Controversies with Delinquent Automobile Loan Borrowers* (the "Motion") was heard on February 22, 2000 at 11:30 a.m. in the above-captioned Court, the Honorable Robert Alberts, United States Bankruptcy Judge, presiding.

1  Alexandra P. Olenczuk of Weinstein, Eisen & Levine, a Professional Corporation,
2  appeared on behalf of Dennis M. Murphy, Chapter 7 Trustee (the "Trustee"). Pamela
3  S. Palmer of Latham & Watkins, appeared on behalf of SunTrust Banks of Florida,
4  Inc. and SunTrust Bank Central Florida, N.A. ("SunTrust"). Melody Williams Dapp
5  of Pillsbury, Madison & Sutro, LLP appeared on behalf of Bank One, Texas, N.A., in
6  its capacity as Trustee under that certain Indenture dated as of December 21, 1994,
7  as amended and restated by that certain Amended and Restated Indenture dated as
8  of August 6, 1996 ("Bank One"). There were no other appearances.

9    The Court, having considered the Motion, hereby ORDERS:

10   1. The Motion is granted by default;

11   2. The *Contract for Collection Services* (the "Contract") attached as
12 Exhibit "1" to the *Memorandum of Points and Authorities in Support of Trustee's*
13 *Motion (1) To Employ and Compensate Universal Accounts, Inc. and to Enter into*
14 *Contract for Collection Services; and (2) For Authority to Compromise Controversies*
15 *With Delinquent Automobile Loan Borrowers* (the "Memorandum") is approved;

16   3. The Trustee is hereby authorized to assign the motor vehicle
17 deficiency accounts listed in Exhibit "A" to the Contract (the "Inactive Accounts") to
18 Universal Accounts, Inc. ("UAI") for collection purposes only. The Inactive Accounts
19 shall at all times remain property of the estate;

20   4. Bank One and SunTrust (collectively, the "Banks") claim to have
21 security interests in the Auto Contracts. Specifically, Bank One claims to have a
22 security interest in the contracts referred to as "pool 130", and SunTrust claims to
23 have a security interest in the contracts referred to as "pool 134". The Banks have
24 consented to the employment of UAI as collection agent for the Inactive Accounts.
25 Any liens, encumbrances, claims and interests of the Banks in the Inactive Accounts
26 and the proceeds therefrom existing as of the petition date shall attach to the
27 Inactive Accounts and the net-proceeds therefrom (after payment of UAI's fees) with
28 the same validity and priority and subject to the same defenses and counterclaims as

existed on the date of the election of the Trustee. Nothing contained herein shall be deemed to impair or otherwise affect any parties' rights against any other parties, and all such rights are reserved;

5. Copies of all notices and reports issued by UAI or the Trustee regarding the Inactive Accounts or the Contract will be promptly forwarded to the Banks by the Trustee;

6. UAI will maintain its records in such a way that at all times the Trustee and the Banks will be able to determine which Inactive Accounts belong to pool 130 and which to pool 134;

7. The Trustee will make the contracts for the Inactive Accounts in his possession available for inspection by the Banks during regular business hours, upon reasonable request to the Trustee;

8. Any auto loan proceeds collected by UAI or the Trustee will be deposited into a segregated, interest bearing account held by the Trustee. Within ten (10) business days following the receipt of money from UAI, the Trustee will pay UAI's fees from the amounts recovered. The remaining funds received from UAI (the "net-recovery" or "net proceeds") will remain in the segregated account. At least every six (6) months commencing from the entry of an order approving this Motion (or more frequently, depending upon the amount of net proceeds in the segregated account, as described below), the Trustee will reconcile and divide the net-recovery as coming from Auto Contracts in which Bank One claims an interest versus those in which SunTrust claims an interest, and will transfer the amounts as reconciled into the respective accounts established pursuant to the *Stipulation Between Omni, Bank One and Chapter 7 Trustee re: Investment of Funds Held By Omni; Order Thereon* entered December 30, 1997, and the *Stipulation Between Omni, SunTrust Bank and Chapter 7 Trustee re: Investment of Funds Held By Omni; Order Thereon* entered January 28, 1998 (the "Joint Account Stipulations"). If on the last day of any calendar month the amount of net proceeds in the segregated account totals

1 | $10,000.00 or more, the Trustee will perform a reconciliation at that time. The net
2 | proceeds will remain in the respective Joint Accounts (and may be invested as
3 | provided by the Joint Account Stipulations) pending the outcome of the adversary
4 | proceedings between the banks and the Trustee (adv. nos. SA 97-2085-RA, SA 97-
5 | 2131-RA, and SA 99-1291-RA) and further order of this Court;

6 |     9.    The Trustee and UAI (with the Trustee's consent) are authorized to
7 | enter into compromises with auto loan borrowers on the Inactive Accounts without
8 | further order from the Court pursuant to Fed.R.Bankr.P. 9019(b). No such
9 | compromises shall in any way affect the Banks' alleged security interests described
10 | in paragraph 4 above.

11 |     10.    Except upon further order of the Court, the Trustee will not take any
12 | action with respect to the proceeds except as is provided in this Order;

13 |     11.    The Trustee is authorized to execute any and all documents and take
14 | such actions as may be reasonable to consummate the Contract and any compromises
15 | with the auto loan borrowers on the Inactive Accounts.

16 |     12.    The Trustee must serve copies of this Order and the Notice of Motion
17 | and Motion (the "Notice of Motion and Motion") upon all persons and entities
18 | referenced in Federal Rule of Bankruptcy Procedure 2002(h) who were not previously
19 | served with the Notice of Motion and Motion within ten (10) days of the date of entry
20 | of this Order. The Trustee shall file a proof of service showing such service has been
21 | timely made within five (5) days of the date of service of the Order and Notice of
22 | Motion and Motion. The persons and entities referenced in Federal Rule of
23 | Bankruptcy Procedure 2002(h) who were not previously served with the Notice of
24 | Motion and Motion shall have twenty (20) days after the date of service of the Order
25 | and Notice of Motion and Motion within which to file an appropriate motion seeking
26 | / / /
27 | / / /
28 | / / /

1  reconsideration. Failure to seek reconsideration will be taken as consent to the
2  granting of the Motion, and if no motions for reconsideration are timely filed, this
3  Order will be final.

3-8-00

THE HONORABLE ROBERT W. ALBERTS
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT:

PILLSBURY MADISON & SUTRO LLP

By: _____
CRAIG A. BARBAROSH
Counsel for Bank One

LATHAM & WATKINS

By: _____
ROBERT A. KLYMAN
Counsel for SunTrust Banks of Florida, Inc. and
SunTrust Bank, Central Florida, N.A.

By: _____
KATHRYN J. BLACK
Counsel for Universal Accounts, Inc.

-5-

reconsideration. Failure to seek reconsideration will be taken as consent to the granting of the Motion, and if no motions for reconsideration are timely filed, this Order will be final.

THE HONORABLE ROBERT W. ALBERTS
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT:

PILLSBURY MADISON & SUTRO LLP

By: _____
CRAIG A. BARBAROSH
Counsel for Bank One

LATHAM & WATKINS

By: _____
ROBERT A. KLYMAN
Counsel for SunTrust Banks of Florida, Inc. and SunTrust Bank, Central Florida, N.A.

By: _____
KATHRYN J. BLACK
Counsel for Universal Accounts, Inc.

-5-

1 reconsideration. Failure to seek reconsideration will be taken as consent to the
2 granting of the Motion, and if no motions for reconsideration are timely filed, this
3 Order will be final.

THE HONORABLE ROBERT W. ALBERTS
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT:

PILLSBURY MADISON & SUTRO LLP

By: _____
CRAIG A. BARBAROSH
Counsel for Bank One

LATHAM & WATKINS

By: _____
ROBERT A. KLYMAN
Counsel for SunTrust Banks of Florida, Inc. and
SunTrust Bank, Central Florida, N.A.

By: _____
KATHRYN J. BLACK
Counsel for Universal Accounts, Inc.

-5-

# DECLARATION OF SERVICE BY MAIL

I, LOURDES CRUZ, the undersigned, hereby declares:

I am employed in the County of Los Angeles, State of California by the firm of WEINSTEIN, EISEN & LEVINE, a Professional Corporation, 1925 Century Park East, Suite 1150, Los Angeles, California 90067-2712. I am over the age of 18 and not a party in the within action.

On February 28, 2000, I served the foregoing document described as

ORDER RE: TRUSTEE'S MOTION (1) TO EMPLOY AND COMPENSATE UNIVERSAL ACCOUNTS, INC. AND TO ENTER INTO CONTRACT FOR COLLECTION SERVICES; AND (2) FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH DELINQUENT AUTOMOBILE LOAN BORROWERS

by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

[SEE ATTACHED SERVICE LIST]

( x )  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices in the United States mailed at Los Angeles, California.

(   )  Via Fax, I caused the above-referenced document(s) to be transmitted to the above-named persons.

(   )  Via Messenger Delivery

(   )  Via Overnight Mail

(   )  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( x )  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 28, 2000 at Los Angeles, California.

/s/ Lourdes Cruz
_____
LOURDES CRUZ

## SERVICE LIST

**Counsel for Bank One**
Craig A. Barbarosh
Pillsbury Madison & Sutro LLP
650 Town Center Drive, 7th Floor
Costa Mesa, CA 92626-7122

**Counsel for SunTrust Banks of Florida, Inc.**
Robert A. Klyman
Pamela S. Palmer
Latham & Watkins
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

**U.S. Trustee**
Michael Hauser
Office of the United States Trustee
411 West Fourth Street, 9th Floor
Santa Ana, CA 92701

**Trustee**
Dennis M. Murphy, Trustee
2235 N. Lake Avenue, Suite 205
Altadena, CA 91001-2465

**Attorneys for Debtor**
Marc J. Winthrop
Peter Lianides
Winthrop Couchot
3 Civic Plaza, Suite 280
Newport Beach, CA 92660

**Counsel for Universal Accounts, Inc.**
Kathryn J. Black
690 East Green St., Ste. 300
Pasadena, CA 91101

**Attorneys for Omni Financial**
Daniel E. Martyn, Jr.
Diana S. Ponce-Gomez
Danner & Martyn, LLP
P. O. Box 7029
Thousand Oaks, CA 91359-7029

h:\h\c\1219.411.wpd
02/28/0 (4:51pm) cB

-7-

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>FIRST LENDERS INDEMNITY CORPORATION, a Florida corporation,<br><br>            Debtor. | Bk. No. SA 97-16576-RA<br>[Chapter 7]<br><br>**NOTICE OF ENTRY OF JUDGMENT OR ORDER AND CERTIFICATE OF MAILING** |

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

You are hereby notified, pursuant to Bankruptcy Rule 9022 and Local Bankruptcy Rule 9021-1(1)(a)(v) that an order or judgment entitled ORDER RE: TRUSTEE'S MOTION (1) TO EMPLOY AND COMPENSATE UNIVERSAL ACCOUNTS, INC. AND TO ENTER INTO CONTRACT FOR COLLECTION SERVICES; AND (2) FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH DELINQUENT AUTOMOBILE LOAN BORROWERS was entered on _____ MAR 8 2000

I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on _____ MAR 8 2000

Dated: MAR 8 2000

JON D. CERETTO, CLERK

By D. HANAVAN
Deputy Clerk

**NOTICE OF ENTRY OF ORDER**

-8-

h:\h\c\1219.411.wpd
02/28/0 (4:51pm) cB

## SERVICE LIST

**Counsel for Bank One**
Craig A. Barbarosh
Pillsbury Madison & Sutro LLP
650 Town Center Drive, 7th Floor
Costa Mesa, CA 92626-7122

**Counsel for SunTrust Banks of Florida, Inc.**
Robert A. Klyman
Pamela S. Palmer
Latham & Watkins
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

**U.S. Trustee**
Michael Hauser
Office of the United States Trustee
411 West Fourth Street, 9th Floor
Santa Ana, CA 92701

**Trustee**
Dennis M. Murphy, Trustee
2235 N. Lake Avenue, Suite 205
Altadena, CA 91001-2465

**Attorneys for Debtor**
Marc J. Winthrop
Peter Lianides
Winthrop Couchot
3 Civic Plaza, Suite 280
Newport Beach, CA 92660

**Counsel for Universal Accounts, Inc.**
Kathryn J. Black
690 East Green St., Ste. 300
Pasadena, CA 91101

**Attorneys for Omni Financial**
Daniel E. Martyn, Jr.
Diana S. Ponce-Gomez
Danner & Martyn, LLP
P. O. Box 7029
Thousand Oaks, CA 91359-7029

Alexandra P. Olenczuk
Weinstein, Eisen & Levine
1925 Century Park East, Suite 1150
Los Angeles, CA 90067-2712